## Case No. 4,490.

ENGLISH v. OCEAN STEAM NAV. CO.

[2 Blatchf. 425.][1]

Circuit Court, S. D. New York. Oct. 1, 1852.[2]

Daniel Lord, for libellant.
Thomas W. Tucker, for respondents.

NELSON, Circuit Justice. It is insisted, on the part of the respondents, that, as the bill of lading contains the usual clause, "weight, contents and value unknown," the burden lies upon the libellant to show, in the first instance, that the goods were put up in the cases, by the manufacturer or shipper, in good order and condition; and that, in the absence of such proof, the court are bound

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [Affirming Case No. 4,490a.]

to presume that the injury to the goods arose from defects existing when they were packed for shipment, or which occurred previous to the shipment. The law is otherwise. Unless there is something in the appearance or condition of the goods, on their being opened after delivery, affording ground for reasonable inference that they were improperly packed, or packed in an unfit state for transportation, or unless some evidence to that effect is given, the contrary will be presumed. Cowen & Hill's Notes to Phil. Ev. 1439; Price v. Powell, 3 Comst. [3 N. Y.] 322; Barrett v. Rogers, 7 Mass. 297; Clark v. Barnwell, 12 How. [53 U. S.] 272.

The main question in the case is one of fact, namely, whether or not the damage was occasioned in the course of the voyage, by one of the perils of the navigation within the bill of lading; and I am quite satisfied with the conclusion arrived at upon the proofs by the court below. Decree affirmed.